UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIAM L. HINES and
KYWANDA HINES                                                                           PLAINTIFFS


V.                                        CASE NO. 1:15-CV-1004


CHASE BANK USA, N.A.;
JPMORGAN CHASE BANK, N.A.;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; and CHASE HOME
FINANCE, LLC                                                                            DEFENDANTS


**ORDER**

Before the Court is Plaintiffs' Motion to Remand.  (ECF No. 16).  Plaintiffs request that this action be remanded to the Circuit Court of Bradley County, Arkansas.  Separate Defendant Federal National Mortgage Association ("Fannie Mae") has filed a response in opposition to the motion.  (ECF No. 19).  The Court finds this matter ripe for consideration.  For the reasons set forth below, the Court finds that the motion should be denied.

Plaintiffs filed their original Complaint against Separate Defendant Chase Bank USA, N.A. in the Bradley County Circuit Court on January 25, 2011. On December 23, 2014, Plaintiffs amended their Complaint to add Fannie Mae, JP Morgan Chase Bank, N.A., and Chase Home Finance, LLC as defendants.  Plaintiffs allege that Defendants breached a mortgage loan modification agreement that Plaintiffs sought in 2009 under a federal program known as the Home Affordable Modification Program.  The Amended Complaint includes claims for breach of contract, promissory estoppel, defamation, tortious interference, damage to chattels, improper

loan servicing, fraud, conversion, improper foreclosure, Truth in Lending violations, intentional infliction of emotional distress, and violations of the Arkansas Deceptive Trade Practices Act.

On January 28, 2015, Defendants filed a combined Answer to Plaintiffs' Second Amended Complaint in the Bradley County Circuit Court.  On January 29, 2015, Fannie Mae filed its Notice of Removal in this Court.[1]  (ECF No. 1).  Fannie Mae's Notice states that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

There appears to be no dispute regarding the existence of diversity between the parties and the amount in controversy.  However, in the present motion, Plaintiffs argue that this case should be remanded to the Circuit Court because (1) Fannie Mae's notice of removal was untimely filed and (2) Fannie Mae waived its right to removal by filing a responsive pleading in the Circuit Court.[2]  The Court will address each issue in turn.

**1. The timeliness of Fannie Mae's Notice of Removal**

Once a case is removed to federal court, a plaintiff may move to remand the case to state court if there is a defect in the removal process. 28 U.S.C. § 1447(c). The court's removal jurisdiction is strictly construed, and all doubts are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).  In this case, Plaintiffs argue that Fannie Mae's removal was defective due to untimely filing.

---

[1] Fannie Mae states in its Notice of Removal that the other Defendants have consented to the removal of this action.

[2] In their motion, Plaintiffs also ask the Court to consider a potential realignment of the parties in this case. Plaintiffs suggest that Fannie Mae may later need to be realigned as a plaintiff because of the "likely existence" of an indemnity clause between Fannie Mae and Separate Defendant JPMorgan Chase Bank. This issue has no bearing on whether this case should be remanded.  Accordingly, the Court declines to take up this matter in the present Order.  Plaintiffs are free to file a separate motion to address these issues.

28 U.S.C. § 1446(b)(1) sets out the time requirements for removing a case to federal court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

A defendant's 30-day removal period is not triggered until the complaint and summons are formally served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P*., 254 F.3d 753, 756 (8th Cir. 2001).

Plaintiffs' Amended Complaint was filed in the Circuit Court on December 23, 2014. Plaintiffs claim that they completed service upon Fannie Mae on December 29, 2014. Fannie Mae's Notice of Removal was filed on January 29, 2015—31 days after the alleged date of service. Fannie Mae argues that the complaint and summons were not delivered until after December 29 and that, even if delivery was on December 29, service was not formally completed because the summons had deficiencies.

Upon review of the evidence, it appears to the Court that delivery of the Complaint and summons did not occur on December 29. Plaintiffs' first attempt at service via certified mail was delivered on December 29, 2014. (ECF No. 16, p. 11). The summons included in that delivery was issued on December 23 and incorrectly stated that Fannie Mae had 20 days to respond to the Complaint, rather than the 30 days required by Rules 4 and 12 of the Arkansas

3

Rules of Civil Procedure. Apparently recognizing that this summons was defective[3], Plaintiffs caused a second summons to be issued on December 29, 2014 with the correct time for response. (ECF No. 1, Exh. 25). Plaintiffs have offered no evidence regarding when this second summons was delivered. As Fannie Mae points out, if the summons was not issued until December 29, the earliest it could have been delivered by certified mail was December 30. Assuming that the summons was delivered on December 30 and service was complete, Fannie Mae's January 29 Notice of Removal would be timely filed.

Alternatively, Fannie Mae argues that, regardless of when the second summons was delivered—December 29 or some later date—service was defective due to the summons not being addressed to a natural person. The Court agrees.

Both the December 23 summons and December 29 summons were addressed only to "Federal National Mortgage Association, 3900 Wisconsin Avenue, Washington, D.C. 20016." Ark. R. Civ. P. 4(d)(8)(A)(i) provides that "[s]ervice of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made . . . by any form of mail *addressed to the person to be served* with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a *natural person specified by name* . . . ." (emphasis added). Because Plaintiffs' service papers were not addressed to a natural person, Plaintiffs' attempts at service in December 2014 were ineffective. *See Broadway v. adidas Am., Inc.*, 3:07CV000149, 2008 WL 2705566 at *3 (E.D. Ark. July 10, 2008) ("[T]his attempt at service was defective because the…service papers enclosed therewith were not addressed to an addressee or agent of the addressee that is a natural person. The requirements under Ark. R. Civ. P. 4, being in derogation of common law, must be

---

[3] *See Trusclair v. McGowan Working Partners,* 306 S.W.3d 428, 421 (Ark. 2009) (holding that a summons containing an incorrect time to respond to a complaint is defective and does not constitute service in strict compliance with Ark. R. Civ. P. 4)

4

strictly followed…."); *Grand Slam Stores, L.L.C. v. L & P Builders, Inc.*, 92 Ark. App. 210, 213, 212 S.W.3d 6, 8 (Ark. App. 2005) ("[Plaintiff] stated that Grand Slam was served by certified letter…and the letter was addressed to Grand Slam Stores LLC.' We hold that this does not comply with our service of process requirements under Ark. R. Civ. P. 4(d)(8), which requires that an addressee be a 'natural person specified by name.' A 'natural person' is a 'human being.'").

Because Plaintiffs' attempts at service were ineffective[4], the 30-day removal period was not triggered on December 29. Accordingly, Fannie Mae's January 29, 2015 Notice of Removal was timely filed.

### 2. Waiver of the right to removal

Plaintiffs argue in the alternative that Fannie Mae waived its right to removal by filing an Answer to the Amended Complaint in the Circuit Court one day before filing its Notice of Removal. To bolster their waiver argument, Plaintiffs also point out that Fannie Mae admitted in its Answer that that the Circuit Court was the proper venue for this action.

A defendant's right to removal can be waived if a defendant takes "'some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.'" *PR Grp., LLC v. Windmill Int'l, Ltd.*, No. 14-3021, 2015 WL 4173824, at *1 (8th Cir. July 13, 2015) (quoting *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004)). "Such waiver must be clear and unequivocal." *Id*. A defendant does not waive its right to removal by "participating in state court proceedings short of seeking an adjudication on the merits." *Id*. (quoting *Tedford v. Warner–Lambert Co.,* 327 F.3d 423, 428 (5th Cir. 2003)).

---

[4] The Court is unaware of whether Plaintiffs have attempted to cure the service deficiencies in the months since they were pointed out in Fannie Mae's response to the Motion to Remand.

5

The Federal Rules of Civil Procedure contemplate the filing of an answer in state court prior to removal. *See* Fed. R. Civ. Pr. 81(c) ("After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules…."). Moreover, courts have recognized that removal is generally not waived simply by filing an answer or admitting that a state court has concurrent jurisdiction over an action. *See Petigny v. Toledo*, No. 6:12-CV-497-ORL-36, 2012 WL 3291771, at *2 (M.D. Fla. July 23, 2012) *report and recommendation adopted*, No. 6:12-CV-497-ORL-36, 2012 WL 3291765 (M.D. Fla. Aug. 13, 2012); *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1133 (S.D. Cal. 2002); *Westwood v. Fronk*, 177 F. Supp. 2d 536, 540 (N.D.W. Va. 2001) ("[S]tate court admissions of jurisdiction and venue do not impair [defendant's] right to have the case heard in [federal court], especially since federal and state courts have concurrent subject matter jurisdiction."). Accordingly, the Court finds that Fannie Mae's Answer filed in state court did not amount to a substantial defensive action or a clear waiver of its right to removal.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion to Remand (ECF No. 16) should be and hereby is **DENIED**.

IT IS SO ORDERED this 21st day of August, 2015.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge